IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CR 14-2126 RB

STEVEN ROMAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court comes on a letter Defendant Steven Roman submitted to the Court on February 15, 2022, which the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 174.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.  Background**

On May 9, 2016, Roman was sentenced to 77 months imprisonment after pleading guilty to a one-count Indictment charging distribution of 50 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B). (Docs. 3; 109.) He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (Doc. 174.)

**II.  Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with

the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Roman did not allege in his motion that he had exhausted his administrative rights before filing his motion with the Court. (*See* Doc. 174.) Consequently, Roman has not met his burden of establishing that he has exhausted his administrative remedies, and his motion is premature. The Court treats § 3582(c)((1)(A)'s exhaustion requirement as jurisdictional. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020). Because Roman filed his motion prematurely, the Court will dismiss it for lack of exhaustion.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release (Doc. 174) is **DISMISSED** for failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE